UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL PHELPS,

        Plaintiff,

v.

COX COMMUNICATIONS LAS VEGAS, INC.,

        Defendant.

2:11-CV-00801-PMP-LRL

O R D E R

        Presently before the Court is Defendant Cox Communication Las Vegas, Inc.'s Motion for Judgment on the Pleadings (Doc. #14), filed on June 24, 2011. Plaintiff Michael Phelps filed an Opposition (Doc. #16) on July 11, 2011. Defendant filed a Reply (Doc. #27) on July 28, 2011.

        Also before the Court is Defendant's Motion to Temporarily Stay Discovery (Doc. #15), filed on June 24, 2011. Plaintiff filed an Opposition (Doc. #18) and a Counter-Motion to Stay All Proceedings (Doc. #19) on July 11, 2011. Defendant filed an Opposition to the Counter-Motion (Doc. #25) on July 28, 2011. Plaintiff filed a Reply (Doc. #28) on August 8, 2011.

        Also before the Court is Plaintiff's Counter-Motion to Remand (Doc. #17), filed July 11, 2011. Defendant filed an Opposition (Doc. #26) on July 28, 2011. Plaintiff filed a Reply (Doc. #29) on August 8, 2011. Plaintiff also filed a Motion to File a Supplement (Doc. #34) on November 21, 2011.

///

## I. BACKGROUND

Plaintiff Michael Phelps brought this action in Nevada state court alleging Defendant is liable under Nevada Revised Statutes § 608.150 as an "original contractor" for "subcontractor" MC Communications, Inc.'s ("MC") failure to pay wages to certain employees. (Pet. for Removal of Civil Action (Doc. #1), Ex. A.)  Plaintiff seeks to represent a class of similarly situated persons employed by MC.  (Id.)  Defendant removed the action to this Court based on diversity jurisdiction.  (Id.)

Plaintiff now moves to remand to state court, asserting that the Court lacks subject matter jurisdiction because the parties are not diverse and the amount in controversy does not exceed $75,000.  Defendant opposes remand, arguing that the Court has subject matter jurisdiction.  Plaintiff also moves to file a supplement explaining this Court's decision to remand a similar case in Izumi v. Cox Commc'ns Las Vegas, Inc., No. 2:11-CV-00803-RLH-CWH, 2011 WL 5854618 (D. Nev. Nov. 21, 2011).

Defendant moves for judgment on the pleadings, asserting that Nevada Revised Statutes § 608.150 does not apply to Defendant based on this Court's ruling in Valdez v. Cox Commc'ns Las Vegas, Inc., No. 2:09-CV-01797-PMP-RJJ, Order (Doc. # 133) (D. Nev. Sept. 13, 2010).  Plaintiff opposes the motion arguing that dismissal would be premature because Plaintiff has not yet conducted discovery regarding Defendant's relationship to MC.

Defendant also moves to stay discovery pending a ruling on its Motion for Judgment on the Pleadings.  Plaintiff responds with a Counter-Motion to Stay All Proceedings pending a ruling on its Counter-Motion to Remand.  Defendant agrees with Plaintiff that the Court should stay all proceedings, albeit for different reasons.

## II. PLAINTIFF'S COUNTER-MOTION TO REMAND (Doc. #14)

Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts original jurisdiction over "any civil action brought in a State court of which the district

2

courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Because of this strong presumption against removal, "the defendant always has the burden of establishing that removal is proper." Id.

### A. Amount in Controversy

Here, the parties dispute whether Defendant has established that the amount in controversy exceeds $75,000. Plaintiff argues that he seeks only about $6,000 but no more than $9,000 in damages. (Pl.'s Counter-Mot. to Remand (Doc. #17), Ex. A at 2-3.) Plaintiff contends that because he has not sued under a statute providing for an attorney's fee award, attorney's fees are not included in the amount in controversy. Plaintiff further argues that even if a statute authorizing attorney's fees applies, only those attorney's fees incurred at the time of removal are included, and Plaintiff incurred only $1,000 prior to removal of this action. (Pl.'s Counter-Mot. to Remand (Doc. #17), Ex. B at 2.) Additionally, Plaintiff asserts that class attorney's fees are not included in the amount in controversy. Lastly, Plaintiff claims his post-removal offer to limit his individual recovery to $75,000 is evidence that the amount in controversy requirement is not met. (Pl.'s Counter-Mot. to Remand (Doc. #17), Exs. A at 3, D at 1.)

Defendant responds that the amount in controversy requirement is met. Defendant contends that Nevada Revised Statutes § 18.010—under which the court may award attorney's fees to a prevailing plaintiff who recovers no more than $20,000—applies because Plaintiff seeks $6,000 to $9,000 in damages. Defendant argues that because

attorney's fees are authorized by statute, attorney's fees are included in the amount in controversy.  Next, Defendant contends that § 18.010 applies to class actions, and class attorney's fees should be included in the amount in controversy.  In addition to attorney's fees incurred, Defendant argues future attorney's fees are also included.  Considering attorney's fees incurred and future attorney's fees for Plaintiff and the class, Defendant concludes the Court can reasonably anticipate that Plaintiff's attorney's fees will exceed $75,000.  Defendant points to a variety of evidence to support its conclusion.  Such as, Plaintiff's counsel seeks $12,500 for preparing the Counter-Motion to Remand.  (Pl.'s Counter-Mot. to Remand (Doc. #17), Ex. B at 2-3.)  Plaintiff has an "obstinate approach" to litigation.  Plaintiff's counsel incurred six figure attorney's fees in a similar case, Valdez v. Cox.  (Def.'s Opp'n to Counter-Mot. to Remand (Doc. #26), Ex. 2 at 2.)  Plaintiff's counsel charges $450 per hour.  (Pl.'s Counter-Mot. to Remand (Doc. #17), Ex. B at 3.)  Plaintiff refused to stipulate to limit the class recovery to $75,000.  (Def.'s Opp'n to Counter-Mot. to Remand (Doc. #26), Ex. 5 at 1-2.)

In a class action, the district court has diversity jurisdiction "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).  On a motion to remand, if a complaint does not specify an amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).  The court may look to the facts alleged in the removal petition or summary judgment-type evidence submitted by the parties to determine whether the jurisdictional requirement was met at the time of removal.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Conclusory allegations as well as speculative arguments as to the amount in controversy are insufficient.  Singer v. State Farm Mut. Auto. Ins., 116 F.3d 373, 377 (9th Cir. 1997).

Attorney's fees may be included in the amount in controversy if an "underlying statute authorizes an award of attorneys' fees." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Nevada Revised Statutes § 18.010 authorizes the court to award attorney's fees to a prevailing plaintiff that recovers no more than $20,000. Furthermore, pursuant to § 18.010, attorney's fees can be recovered in class actions when the recovery does not exceed $20,000. See Izumi, 2011 WL 5854618, at *2 n.1. Here, Plaintiff seeks $6,000 to $9,000, in damages; therefore, if Plaintiff ultimately prevails and recovers $20,000 or less, the Court may award attorney's fees under § 18.010.

However, in determining the amount in controversy for removal purposes, only the named plaintiff's attorney's fees—and not class members' attorney's fees—are considered. Gibson, 261 F.3d at 942.[1] "Examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity requirement. In both instances, subject matter jurisdiction depends only on the named plaintiffs." Id. at 941. Because the court must divide an attorney's fee award among class members after judgment, allocating unnamed class members' attorney's fees to the named plaintiff for purposes of jurisdiction is improper. Id. at 942-43. Thus, at least one named plaintiff in a class action must individually meet the amount in controversy requirement. Exxon Mobile, 545 U.S. at 549, 550-51; Gibson, 261 F.3d at 940-41.[2] Here, Plaintiff is the only named plaintiff; therefore,

---

[1] This holding is consistent with the Court's holding in Izumi, and thus supplemental briefing is unnecessary. 2011 WL 5854618, at *2 ("[A]ttorney's fees sought by a proposed class cannot be attributed solely to the named plaintiff.").

[2] Whether attorney's fees incurred after the date of removal are included in the amount in controversy is unsettled in the Ninth Circuit. Compare Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998), with Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). But even assuming the amount in controversy includes future attorney's fees, as discussed below, Defendants have failed to establish that the

the Court considers evidence of Plaintiff's individual attorney's fees only.

In estimating the amount in controversy, courts consider: the number and type of claims; the court's experience in similar cases; actual damages; potential for punitive and emotional distress damages; counsel's hourly rate; and the amount of attorney's fees incurred on a motion to remand. See Rile v. STRS Ohio CA Real Estate Inv. 1, LLC, No. 09-05634 CW, 2010 WL 1838965, at *3 (N.D. Cal. May 3, 2010); Rivera v. Costco Wholesale Corp., No. C 08-02202 CW, 2008 WL 2740399, at *5 (N.D. Cal. July 11, 2008); Simmons, 209 F. Supp. 2d at 1034-35.

For example, in Rile, the court emphasized that the case involved six claims for relief that would require substantial preparation and effort to maintain; actual damages included reimbursement for over $11,000 in rent, relocation costs, and medical expenses; there was substantial potential for punitive and emotional distress damages; the plaintiff's counsel cha0rged $250 to $425 per hour; and the plaintiff incurred $2,300 in attorney's fees for the motion to remand. 2010 WL 1838965, at *3. Similarly, in Rivera, the court noted that employment discrimination claims require substantial preparation and effort to maintain and often exceed $75,000; actual damages were $52,000; there was substantial potential for punitive and emotional distress damages; the plaintiff's counsel charged $400 per hour; and the plaintiff incurred $4,000 in attorney's fees for the motion to remand. 2008 WL 2740399, at *5. In Simmons, the court reasoned that race discrimination claims require substantial effort, are unlikely to be immediately resolved, and attorney's fees often exceed damages; actual damages likely would exceed $51,200; and there was substantial

---

amount in controversy exceeds $75,000. In making this determination, the Court does not consider Plaintiff's post-removal stipulation to limit his individual recovery to $75,000 because facts are determined at the time of removal and generally post-removal acts do not oust the court of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-95 (1938); Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 232 n.1 (2007); Hill v. Blind Indus. & Servs., 179 F.3d 754, 757 (9th Cir. 1999).

potential for punitive and emotional distress damages.  209 F. Supp. 2d at 1032-35.  In each of these cases the court held that the defendant established that the amount in controversy requirement was satisfied and denied the plaintiff's motion to remand.  Rile, 2010 WL 1838965, at *3; Rivera, 2008 WL 2740399, at *5; Simmons, 209 F. Supp. 2d at 1035.

Here, Defendant has not established that the amount in controversy requirement is satisfied.  Plaintiff's counsel charges $450 per hour, which is more than the plaintiffs' counsel in Rile and Rivera charged.  Additionally, Plaintiff estimated he would incur $12,500 in attorney's fees on his Counter-Motion to Remand, which is more than the plaintiffs in Rile and Rivera incurred.  However, the remaining evidence mandates a departure from the holdings in Rile, Rivera, and Simmons.  In those three cases, the actual damages were significantly higher than Plaintiff's $6,000 to 9,000 in unpaid wages (Rile- $11,000 in rent, plus relocation costs and medical expenses; Rivera- $52,000; Simmons- $51,200).  Additionally, the amount in controversy in those cases included punitive and emotional distress damages, whereas here Plaintiff does not seek punitive or emotional distress damages.  In Rile, the plaintiff brought six claims for relief; here, Plaintiff brings only one claim.  For similar reasons the six figure attorney's fees in Valdez v. Cox are not indicative of what the fees will likely be in this case because Valdez involved four claims for relief against multiple defendants, rather than one claim against one defendant.  In Rivera and Simmons, the court noted that discrimination claims generate significant attorney's fees, but here Plaintiff brings a claim for unpaid wages under § 608.150 and Plaintiff's counsel is experienced in litigating § 608.150 claims.  In short, Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000, and because of the strong presumption against removal, we resolve all issues in favor of remand.  Therefore, the Court lacks subject matter jurisdiction and grants Plaintiff's Counter-Motion to Remand.

///

### B. Attorney's Fee Award

Both parties seek attorney's fees for having to litigate whether to remand the case to state court. Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1447(c) because Defendant did not have an objectively reasonable basis for removal. Defendant seeks attorney's fees pursuant to the Court's inherent authority to award attorney's fees where a party acts in bad faith because Plaintiff has repeatedly misrepresented the law to the Court.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140. In Martin, the defendant relied on case law that was held to be unsound after removal. Id. at 135. Under those circumstances, the defendant had an objectively reasonable basis for removal. Id. By contrast, the Eleventh Circuit in Rae v. Perry held that the defendant lacked an objectively reasonable basis for removal when the complaint sought only $20,000 in damages and the defendant failed to offer evidence that showed by a preponderance of the evidence that the amount in controversy exceeded $75,000. 392 F. App'x 753, 756 (11th Cir. 2010).

Here, Defendant did not have an objectively reasonable basis for removal. Defendant cites to Gibson, without including a pin cite, as holding that "attorneys' fees related to the class claims asserted in Plaintiff's Complaint are properly included in calculating the amount in controversy." (Def.'s Reply in Support of Mot. for J. on the Pleadings (Doc. #27) at 14.) Gibson actually holds just the opposite: attorney's fees

8

"cannot be allocated solely to [the named] plaintiffs for purposes of amount in controversy." Gibson, 261 F.3d at 942. Defendant's counsel made the same assertion before this Court in Izumi, and the Court found Defendant's position "perplexing." Izumi, 2011 WL 5854618, at *2 n.1. Here, Defendant's position constitutes an objectively unreasonable basis for removal. Moreover, Defendant has failed to present evidence that Plaintiff's individual attorney's fees on a $9,000 claim would exceed $66,000, thereby satisfying the $75,000 requirement. Accordingly, the Court grants Plaintiff's request for attorney's fees on the Counter-Motion to Remand. Plaintiff shall file an affidavit and itemization of costs and attorney's fees incurred solely with respect to Defendant's removal by January 11, 2012. Defendant shall have until January 23, 2012 to object.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Michael Phelps's Counter-Motion to Remand (Doc. #17) is hereby GRANTED. Plaintiff's claim is hereby REMANDED to the Eighth Judicial District Court in and for the County of Clark, State of Nevada in Case No. A-11-638500-C.

IT IS FURTHER ORDERED that Plaintiff shall file an affidavit and itemization of costs and attorney's fees incurred solely with respect to Defendant's removal by January 11, 2012. Defendant shall until January 23, 2012 to object.

IT IS FURTHER ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. #14) is hereby DENIED as moot without prejudice to renew following remand to state court.

IT IS FURTHER ORDERED that Defendant's Motion to Temporarily Stay Discovery (Doc. #15) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Counter-Motion to Stay All Proceedings (Doc. #19) is hereby DENIED as moot.

///

IT IS FURTHER ORDERED that Plaintiff's Motion to File Supplement (Doc. #34) is hereby DENIED as moot.

DATED:  December 22, 2011

                                                  PHILIP M. PRO
                                                  United States District Judge