LEON GREENBERG, Esq. NSB#: 8094
DANA SNIEGOCKI, Esq. NSB#: 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard - Suite E-4
Las Vegas, Nevada 89146
Tel: (702)383-6085
Fax: (702)385-1827

CHRISTIAN GABROY, ESQ.  NSB#: 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

-------------------------------X   Case No. 2:11-cv-00801-PMP-LRL

MICHAEL PHELPS, individually and
on behalf of others similarly
situated,

                 Plaintiffs,

                                 **ATTORNEY'S DECLARATION
IN COMPLIANCE WITH THIS
COURT'S ORDER OF DECEMBER
22, 2011**

               -against-

COX COMMUNICATIONS LAS VEGAS, INC.,

               Defendant.
-------------------------------X

    Leon Greenberg, an attorney duly licensed to practice law in

the State of Nevada and a member of the bar of this Court, hereby

affirms, under penalty of perjury, that:

    1.  I am counsel for the plaintiff in this case.  I offer this

declaration in compliance with the Court's Order of December 22,

2011 which awarded plaintiff's counsel their costs and attorneys

fees in connection with their remand of this improperly removed case

to State Court.

**Itemization of Time is Incomplete**
**Because Defendant Has Now Moved to**
**Reargue the Court's Order**

2.    Defendant has now, most frivolously, moved to reargue the Court's determination that defendant acted without any objectively reasonable basis in removing this case from state court.  Despite the frivolity of such request, defendant submits a 27 page brief in support of such request that cites numerous decisions, all of which plaintiff's counsel should review, plus submits 16 lengthy exhibits, in support of such request.  Docket #36.  Such motion also makes numerous factual misrepresentations and omits to mention other highly relevant facts, such circumstances also requiring response and the expenditure of significant additional time by plaintiff's counsel.  Plaintiff's counsel intends to expend no more than three additional hours of time responding to the same, although a significant amount of time beyond that will be extended given the length of such motion.  Accordingly, rather than have the Court conduct a further and/or future assessment of attorney's fees, plaintiff's counsel requests it be awarded an additional three hours of fees for such work that has yet to be performed.

**Summary of Fee and Expenses Request**

3.    Plaintiff requests an award of $13,725 consisting of 30.5 hours of my personal time expenditures.  Additional billable time on this case, no less than 4 hours and 2 hours respectively, was properly expended by my associate counsel, Dana Sniegocki, and my paralegal.  No request is presented for an award of those time expenditures so the fee award process can be streamlined and the Court will not be burdened with determining whether such other time

2

expenditures should be compensated and at what rate.  No request is
made for any award of expenses.

### Basis for Proposed Hourly Fee Rate

4.  Plaintiff proposes a fee award of $450 an hour for my
personal time expenditures.  Such hourly rate is justified under the
standards set forth by this Court in *In Re USA Commercial Mortgage
Company,* 2011 U.S. Dist. LEXIS 82124, p. 93-95, Docket 2:07-CV-892-
RCJ-GWF, Decision of District Judge Jones of July 14, 2011, wherein
fees ranging from $350 an hour to $600 for experienced counsel were
found to constitute a reasonable and appropriate hourly rate for a
fee award in Nevada.  Such an hourly rate is also consistent with
the fees charged by similarly experienced employment and labor law
attorneys in Las Vegas, Nevada, who represent defendants.  In 2008
in the case of *Baldonado v. Wynn*, 194 P.3d 96, Nevada District
Court, Eighth Judicial District, A528138, the Nevada Supreme Court
affirmed a denial of attorney's fees to Gregory Kamer of the firm
Kamer, Zucker and Abbot, counsel for defendant in that case.  In his
2007 request for an award of attorney's fees, Gregory Kamer stated
his hourly billing rate was, at that time, which is five years ago,
$450 an hour.  In the case of *Williams v. Trendwest,* 05-CV-1264
(JCM/RJJ) counsel for the defendant in 2006 stated their billing
rate in FLSA cases for an attorney with 15 years of relevant
practice experience was then $470 an hour.  *See*, *Williams v.
Trendwest,* 05-CV-1264 (JCM/RJJ), Docket #93, 8/28/06, page 7 of 8, ¶
19, declaration of Joseph C. Liburt, Esq., of Orrick, Herrington and
Sutcliffe LLP submitted in connection with denied request for
attorney's fee award.  I am also advised that attorneys of
comparable experience who predominately or exclusively handle the

defense of class action wage and hour matters, typically employed by large New York or California based law firms, charge fees of $750 an hour, or more.

5.   I work strictly on a contingency fee basis and cannot present to the Court a "typical" hourly fee that I charge paying clients.  My effective hourly fee on the successful contingency cases I handle is often well in excess of $1,000 an hour.  I was first admitted to practice law in the State of New York in 1993.  I have continuously practiced law full time since my admission to the bar.  I am currently a member of the bars of the States of Nevada, California, New York, New Jersey and Pennsylvania.  I am a 1992 *magna cum laude* graduate of New York Law School, I graduated 3rd in my class of 358 students and was awarded the Trustees Prize for having the highest grade point average of all graduating evening division students.  I worked full time as a litigation paralegal and law clerk for seven years prior to my admission to the bar.  I have almost 19 years of experience litigating Fair Labor Standards Act and other wage and hour claims, I have litigated over 100 such cases, and I have almost exclusively devoted my practice to such matters since 2002.  I have extensive experience in class action litigation and have been appointed either sole or co-class counsel in over one dozen such cases, including several cases in this Court. The cases I have successfully resolved include *Hallissey v. America Online*, 99 Civ. 3785, S.D.N.Y., which resulted in a $15,000,000 settlement for a class of online workers alleging minimum wage violations; *Levinson v. Primedia*, 02 Civ. 2222, S.D.N.Y., which resulted in a $5,750,000 settlement for a class of online internet "guide" workers alleging failure to pay proper commissions on

advertising revenue; *Westerfield v. Fairfield Resorts* CV-S-05-1264-JCM(RJJ), District of Nevada, which resulted in a $3,750,000 settlement for a class of timeshare salespersons alleging a failure to pay minimum wages and overtime under the FLSA and state law, among other cases.

**Itemization of Time Expenditures**

**<u>Time Expended Seeking to Avoid the Remand Motion</u>**

6.  I am requesting an award of 6 hours of my time in connection with my efforts to avoid burdening this court with a remand motion.  Those time expenditures are detailed below:

| | | |
|---|---|---|
| June 7, 2011 - letter to cox on remand | 2.2 | |
| June 8, 2011 - finish and send out letter to cox on remand | 1.5 | |
| June 15, 2011 - respond to Cox attorney letter on remand, confer by email with co-counsel on same | .8 | |
| June 20, 2011 - letter to Cox counsel on remand | .6 | |
| June 21, 2011 - email with Cox counsel, per their request draft stipulation on proposed remand agreement | .4 | |
| June 28, 2011 - email from Cox counsel, they finally confirm are insisting on $75,000 limit for class damages as well, final letter to them on their improper position and behavior | .6 | |

7.   These time expenditures are properly awardable against defendant, particularly in light of their refusal to promptly state what they clearly immediately knew was their "no remand agreement" position.   Instead of communicating that position, defendant engaged in a protracted and prolonged process of communication with me over the remand issue, continually feigning that they did not "understand" the nature of my remand proposal.   Defendant's counsel engaged in such a process for the sole purpose of wasting plaintiff's counsel's time and gaining what it viewed as a tactical advantage.   The following is the course of events establishing such abusive conduct by defendant's counsel:

- I first corresponded with defendant's counsel about the remand issue on June 8, 2011.  Ex. "A."  Such correspondence explained, in detail (A) That this Court lacked subject matter jurisdiction and removal was improper and (B) Agreed to stipulate to a remand of this case, without any award of counsel fees to plaintiff, and with an agreement to limit the plaintiff's individual damages (including any individual award of attorney's fees) to $75,000.

- In response to my June 8, 2011 letter defendant's counsel posed questions that ignored the clear nature of plaintiff's proposal or involving another, wholly unrelated, litigation. Ex. "B," letter of Annette Idalski of June 15, 2011.

- Plaintiff, again, on June 15, 2011 reiterated his proposal in absolutely clear terms in another letter.  Ex. "C."

● Defendant responded for the second time to plaintiff's clear and unambiguous proposal for a remand.  Its counsel, again, feigned a lack of understanding as to whether plaintiff's proposal would limit plaintiff's recovery to $75,000, including attorney's fees, if his case proceeded upon remand on an individual, and not class action basis.  Ex. "D", letter of June 20, 2011 of Annette Idalski.

● Finally, for the **third time** plaintiff's counsel wrote defendant's counsel on June 20, 2011, to clarify and confirm defendant's agreement with, or its refusal to agree with, the remand proposal, and stated:

> Again, I am proposing the only way any damages (including attorney's fees) would be awarded in this case against your client for an amount in excess of $75,000 would be if this case is certified as a class action under NRCP Rule 23.  Absent such certification, the $75,000 limit would apply.  Ex. "E."

● In response to this third overwhelmingly clear statement of the conditions for a cooperative remand of this case to state court, defendant's counsel advised through an email that:

I do not think it is productive at this point to get into lengthy letter discussions on the amount in controversy issue. In any event, I cannot agree to anything until I review your proposed stipulation with my client.  Please send it to me. Ex. "F."

● In response to this clear request for a stipulation plaintiff's counsel forwarded the requested stipulation draft on June 21, 2011.  Ex. "G."

8.   Finally, on June 24, 2011 defendant, without responding to

the stipulation draft it requested, or ever advising of its agreement to, or rejection of, plaintiff's remand proposal, filed its motion to dismiss this case.  Defendant then waited until June 28, 2011, to return the stipulation, Ex. "H," with an insisted change that would limit any possible class recovery upon remand to $75,000.  That was an unqualified refusal to agree to plaintiff's proposal, a refusal defendant was obviously aware of long before it requested the stipulation draft from plaintiff's counsel.  It claimed such change to the stipulation was "consistent with Cox's position as set forth in our recent correspondence," Ex. "I." Nothing of the sort was true.  Defendant had consistently refused to state such "position" in all of its prior communications.

9.   Defendant's entire course of conduct in response to my efforts to avoid the remand motion was intentionally calculated to waste the plaintiff's counsel's time.  Defendant's counsel consistently refused to state its position on remand, repeatedly feigned ignorance of what plaintiff was proposing despite it being clarified twice, and instead requested a "draft" remand stipulation. It did all of these things solely for the purpose of delaying this case and wasting plaintiff's counsel's time.  Accordingly, plaintiff's counsel's request for an award of fees for this expenditure of 6 hours of time should be granted.

**Time Expended Briefing the Remand Motion**

10.  I am requesting an award of 20 hours of my time in connection with my briefing work on the remand motion.  No oral argument was held on the motion.  Those time expenditures are detailed below:

| | | |
|---|---|---|
| July 5, 2011 - telephone with client on status of case and need for his declaration for remand motion | .3 | |
| July 5, 2011 - prepare declaration for client on remand, send him same | .6 | |
| July 7, 2011 - begin work on motion for remand | 2.5 | |
| July 8, 2011 - work on motion to remand | 8.5 | |
| July 11, 2011 - work on motion to remand | 5.5 | |
| July 11, 2011 - do opposition on defendant motion to stay case, to extent stay is limited to discovery, and do counter-motion to stay for all purposes until remand decided | .2 | |
| July 12, 2011 - do errata on motion to remand | .3 | |
| July 29, 2011 - preliminary review of defendant response on motion to remand | .25 | |
| August 3, 2011 - work on reply on remand motion | 5.5 | |
| August 4, 2011 - work on reply on remand motion | 3.5 | |
| August 5, 2011 - proof, finish up, on motion remand reply | .8 | |
| Total Hours | 27.65 | |

11.   I am only requesting an award of 20 hours for my time expenditures on the motion briefing even though my records reflect I spent a substantial amount of time beyond 20 hours on this task. I am reducing the scope of my attorney fee request to streamline the attorney fee award process and document the reasonableness of my fee request by "writing off" over 27% of my properly billable time on these tasks.   Much of the time spent on these tasks, in respect to the discussion of the legal issues and related research, was also utilized in the *Izumi v. Cox* litigation before Judge Hunt, involving the same abusive and improper removal of a N.R.S. § 608.150 lawsuit against Cox.   Such dual utilization of that work product in no way makes its full charge in this case unreasonable as such time would have also had to be expended solely in this case if the *Izumi* litigation had not been pending.

**Time Expended Submitting this Fee Request**

12.   I am requesting an award of 1.5 hours for my time expenditures in preparing this fee request.   Those time expenditures are detailed below:

| January 9, 2012 – begin work on itemization of fee award request | .3 | |
|---|---|---|
| January 10, 2012 – finish declaration on fee award for submission 1/11/12 | 2.5 | |

13.   I am writing off, and not requesting fees, for over 53% of my actual time expenditures on this task to streamline the attorney fee award process and document the reasonableness of my fee request.

**<u>Time Expended On Motion for Reargument</u>**

14.  As of today I have spent .3 hours of my time reviewing defendant's motion to reargue the Court's order granting plaintiff attorney's fees on their motion to remand.  As noted, I am requesting a total award of 3 hours of time for responding to such motion, a task which I am sure will take considerably more than 3 hours to complete.

I have read the foregoing and affirm the same is true and correct and the foregoing time expenditure notes are taken from the contemporaneous time records which I personally maintained in this matter.

Affirmed this 10th day of January, 2012

/s/ *Leon Greenberg*
_____
Leon Greenberg, Esq.
LEON GREENBERG PROFESSIONAL CORPORATION
Attorney for the Plaintiff
2965 South Jones Boulevard - Suite E4
Las Vegas, Nevada 89146
(702) 383-6085
Nevada Bar Number: 8094

EXHIBIT "A"

**LEON GREENBERG**
Professional Corporation
Attorneys at Law
633 South 4ᵗʰ Street - Suite 4
Las Vegas, Nevada 89101
(702) 383-6085

Fax: (702) 385-1827

Leon Greenberg
Member Nevada, California
New York, Pennsylvania and New Jersey Bars

Dana Sniegocki
Member Nevada and California Bars

June 8, 2011

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
34th Floor
Atlanta, GA  30303
Attention:  Annette A. Idalski

VIA FIRST CLASS MAIL AND EMAIL

          Re: Phelps v. Cox Communications Las Vegas, Inc.
              Improper Removal of this Case to United
              States District Court
              Misstatements of Facts and Law to the Court
              Made by Your Office

Dear Ms. Idalski:

      I write to advise you that I intend to file a motion to
remand the above matter to state court on June 20, 2011.  Prior
to making that motion, and in connection with that motion if I am
required to file it, I am agreeing to stipulate that in no event
will the plaintiff seek, individually, a combined award from your
client in excess of $75,000, including all costs and attorney's
fees.  Such agreement, as discussed *infra*, would only address a
situation where class certification is denied and the plaintiff's
claim proceeds to judgment as an individual claim with an award
of statutory attorney's fees as provided for by N.R.S. § 608.150.
Such a stipulation will moot any need for the remand motion and
we would also stipulate to the remand of this action as part of
that stipulation.

      If you refuse to enter into the foregoing stipulation I will
proceed with the remand motion and will request an award of



Page 1 of  4



attorneys fees and costs.   There is no basis for the removal of
this action from State Court, particularly in light of my
agreement to enter into the foregoing stipulation.   Nor is it
plausible that you are ignorant of the numerous misstatements of
law and fact that you have made to the Court in connection with
the removal of the same.   You can avoid any award of such costs
and attorney's fees by contacting me prior to such time and
agreeing to the remand of this action.

<u>Misstatements as to Amount in Controversy – Phelps's Unpaid Wages</u>

As you must be aware from your communications with Mr.
Phelps's employer, and as is actually stated in the declaration
of John Wehrman, Mr. Phelps's employment with MC Communications
terminated in June of 2009.   His lawsuit against your client was
commenced on April 4, 2011.   The applicable statute of
limitations is two years. *See*, N.R.S. § 11.209(1)(a).   In your
statement in support of removal (Docket #1) you advise the Court
that Phelps earned $49,301.20 during his last two years of
employment with MC Communications, based upon Wehrman's statement
that Phelps's average weekly earnings were $474.05.   You make
that statement to imply that such a sum of $49,301.20 in damages
is at issue on behalf of Mr. Phelps in this case, as you note his
complaint he seeks "recovery of all unpaid wages for a two year
period prior to the commencement" of his lawsuit.   As you are
well aware, nothing of the sort is true.   Indeed, the very papers
you submit in support of removal contradict, and establish the
abject falsity, of such implication.

Owing to the operation of N.R.S. § 11.209(1)(a), and Mr.
Phelps's termination of employment with MC Communications in June
of 2009, there is, at most, 13 weeks of employment, and
potentially unpaid wages, for which your client is liable to Mr.
Phelps.   Of course your client is only liable for the *unpaid*
wages earned by Phelps.   As you are well aware, the allegations
of unpaid wages against Phelps's employer involve a failure to
pay overtime wages and/or other wages he is owed pursuant to
statute or contract.   In the event Phelps was underpaid $300 per
week of employment in violation of his contract his unpaid
contract wages for which your client would be liable would be
$3,900.   If his total earned wages were $774.05 per week
(increased by the $300 of unpaid wages owed to him under
contract) and he worked 60 hours every week he would be owed
$1,677.11 in unpaid overtime wages.   Under the foregoing analysis
his total unpaid wages for which your client is liable are less
than $6,000.   Mr. Phelps does not present a damages (unpaid
wages) claim against your client that is anywhere near the
required $75,000 amount to invoke diversity jurisdiction.

Misstatements as to Amount in Controversy - Attorneys Fees

      You are misrepresenting to the Court, based upon fee awards
I have received in other class action wage and hour litigations,
that Phelps's damages and attorney's fee claims combined may
reasonably exceed $75,000.  The attorney's fee awards you
reference were all made in cases certified as class actions under
FRCP Rule 23 and from common fund class recoveries.  As you must
be aware, such class attorney fee awards cannot be ascribed to an
individual plaintiff to meet the monetary threshold for invoking
diversity jurisdiction.  *See*, *Zahn v. International Paper Co.*,
414 U.S. 291 (1973) *Goldberg v. CPC International*, 678 F.2d 1365,
(9th Cir. 1982) and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853
(9th Cir. 2001).

      You are incorrect in your claim that Phelps, between his
damages and attorney's fee claim, presents a claim meeting the
amount in controversy requirements for diversity jurisdiction.
Your client is only liable for a reasonable attorney's fee in
connection with Phelps's prosecution of his N.R.S. § 608.150
claim.  There is no basis to presume such an individual
attorney's fee claim, when aggregated with his individual
damages, would result in a judgment against your client exceeding
$75,000.  In any event, since plaintiff is agreeing to limit his
individual, non-class, recovery to an aggregate of $75,000 there
is no basis for you to invoke diversity jurisdiction.

Misstatements as to Principal Place of Business

      As you are well aware, the contractor's license application
of Cox Communications Las Vegas states its principle place of
business is in Las Vegas, Nevada.  That application also lists
the names of corporate officers who reside in Nevada and actively
oversee its operations in Las Vegas, Nevada.  The actual work of
the corporation, the supervision of employees, and the
operational decision making, are all performed in Las Vegas,
Nevada.  That the corporation's most senior officers, and
directors, may be present in Georgia, and that "important
corporate policies" and "regulatory and legal matters" may be
acted upon or approved of in Atlanta do not make such location
its principle place of business.  In light of the limited amount
in controversy, this issue is moot in any event.

      I look forward to hearing from you and hope we can work
cooperatively to enter into the stipulation I have proposed and
avoid burdening the Court with unnecessary motion practice.

I remain,

Very truly yours,

Leon Greenberg

cc: Christian Gabroy, Esq.

# EXHIBIT "B"

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

## ATTORNEYS AT LAW

191 PEACHTREE STREET, N.E. · THIRTY-FOURTH FLOOR

ANNETTE A.IDALSKI
SHAREHOLDER
DIRECT DIAL NO.  404.658.5386
DIRECT FAX NO.  404-658-5387
E-MAIL:  annette.idalski@chamberlainlaw.com

**ATLANTA, GEORGIA 30303-1747**

(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

HOUSTON
ATLANTA
PHILADELPHIA

June 15, 2011

## VIA ELECTRONIC and U.S. MAIL

Leon Greenberg
Leon Greenberg Professional Corporation
633 South Fourth, Suite 4
Las Vegas, NV  89101

      Re:    *Michael Phelps v. Cox Communications Las Vegas, Inc.*
                U.S.D.C., District of Nevada, Case No. 2:11-cv-00801-PMP-LRL

Dear Mr. Greenberg:

      We are in receipt of your June 8th letter concerning your intent to file a motion to remand.  Set forth below is our response to each of your assertions.

      As an initial matter, Cox Communications Las Vegas, Inc.'s principal place of business is and always has been Atlanta, Georgia for the reasons set forth in Cox's Petition For Removal. As you are well aware, the controlling statute with respect to a company's principal place of business for purposes of removal is 28 U.S.C. § 1332(c).  "Principal place of business in 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its nerve center which will typically be found at its corporate headquarters." *Hertz v. Friend*, 130 S.Ct. 1181, 1183, 1186 (2010) (internal citations omitted)("We believe that the "nerve center" will typically be found at the corporation's headquarters.")  The content of Cox's "contractor's license application" submitted in accordance with local or Nevada state law is not applicable, much less dispositive to the issue present here. Moreover, your own unsupported definition of what you perceive to be a principal place of business, namely general business activities, is incorrect and has been specifically rejected by the U.S. Supreme Court.  *See Hertz v. Friend*, 130 S.Ct. at 1185. Accordingly, your assertions in this regard are unfounded.  Clearly, we have not misrepresented Cox's principal place of business to the Court.

      Given the vagueness of Plaintiff's Complaint as to the amount in controversy, we appreciate Plaintiff's clarification that he is seeking "less than $11,000" in unpaid wages in this matter.  Your assertion, however, that Plaintiff is not seeking an attorneys' fees award in excess of $75,000 causes us significant skepticism for several reasons.  First, based on my conversations with Mr. Gabroy, it is my understanding that you and Mr. Gabroy have accrued attorneys' fees well in excess of $75,000 in the *Joseph Valdez v. Cox Communications Las Vegas, Inc., et al.*

Leon Greenberg
June 15, 2011
Page 2

("The Valdez case") litigation over the past two years.  In fact, Mr. Gabroy has represented to me that attorneys' fees incurred by both you and him are well into the six figure range.  <u>The Valdez case is a single plaintiff case which also concerns alleged unpaid overtime.</u>  Significantly, these attorneys' fees were incurred prior to notice ever having been issued and prior to any discovery on the merits.  Accordingly, given your approach to litigation in The Valdez case, we can reasonably expect that you and Mr. Gabroy will, likewise, incur similar attorneys' fees in the instant case.  If you disagree, are you and Mr. Gabroy willing to stipulate that you and he have not exceeded $75,000 in attorneys' fees in The Valdez case?

Additionally, we have other concerns about your assertion that attorneys' fees coupled with unpaid wages will not exceed $75,000 in the instant matter.  For example, your assertion that attorneys' fees will not exceed $75,000 fails to include fees incurred as a result of the class action nature of the litigation.  Assuming that no other plaintiffs join the instant action, just like in The Valdez case, do you agree that all attorneys' fees occurred by Plaintiff's counsel in the instant litigation will also include those with respect to class issues such as notice, certification, or other class issues?  Do you agree that all attorneys' fees in total will not exceed $75,000 in this case assuming that Mr. Phelps is the sole Plaintiff?  We will need a response to these questions before we can agree to any stipulation.  Otherwise, your assertion that the amount in controversy will not exceed $75,000 has no merit.  Please clarify these points and send me your proposed stipulation so that I may review it with my client.

Sincerely,

Annette A. Idalski

AAI:lm

cc:     Christian Gabroy, Esq.

365238.1

EXHIBIT "C"

**LEON GREENBERG**
Professional Corporation
Attorneys at Law
633 South 4ᵗʰ Street - Suite 4
Las Vegas, Nevada  89101
(702) 383-6085                                    Fax: (702) 385-1827

Leon Greenberg
Member Nevada, California
New York, Pennsylvania and New Jersey Bars

Dana Sniegocki
Member Nevada and California Bars


June 15, 2011

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
34th Floor
Atlanta, GA   30303
Attention:  Annette A. Idalski

VIA FIRST CLASS MAIL AND EMAIL


Re: Phelps v. Cox Communications Las Vegas, Inc.
Improper Removal of this Case to United
States District Court

Dear Ms. Idalski:

I am in receipt of your letter of today and thank you for
the same.

You are incorrect in your assertions about the *Hertz*
decision and it is apparent, even from your submissions to the
Court, that your client's principle place of business under *Hertz*
is Las Vegas, Nevada.  I am prepared to litigate that issue, and
I remind you it would be *your client's burden* to prevail upon
that issue since it is the party seeking to invoke diversity
jurisdiction.  Indeed, in *Hertz* the Supreme Court acknowledged
that discovery bearing upon the "nerve center" standard would
have to be allowed in that case.  Rather than engage in such
discovery, and expose the untruthfulness of your client's
assertions on that issue, I have proposed an alternative
resolution of this jurisdictional dispute.

My proposal is quite simple.  Plaintiff in this case will
stipulate that his *individual claim*, for all purposes, is not in

Page 1 of  2




excess of $75,000. That sum would include any attorney's fees he would be awarded *if this case proceeds to judgment on an individual basis.* In the event the plaintiff is successful in securing class action certification under NRCP Rule 23, and prevails on such class claims, no such limitation would apply in respect to *attorney's fees* claims. Mr. Phelps, as an individual, would still be limited to a maximum recovery of $75,000 if he succeeded in securing class certification. As I advised you, his individual actual damages are far less than $75,000. Awards of attorneys fees in class cases have no bearing upon the amount in controversy for diversity jurisdiction purposes, as I have also already explained to you.

You reference an irrelevancy by discussing the proceedings in *Valdez v. Cox.* My proposal, which I am prepared to proffer to the Court upon motion (with a request for an award of attorney's fees) is for *this case* and is clear. In no event would your client face liability upon remand for any sum in excess of $75,000 *unless* this case results in a recovery for a class of persons and not just Mr. Phelps individually.

Please advise if your client is agreeable, in principle, to this proposal. If so I will draft a suitable stipulation or you can do so. I expect a prompt response from your office, no later than June 21, 2011, or I intend to proceed with a motion to remand shortly thereafter.

I remain,

Very truly yours,

Leon Greenberg

cc: Christian Gabroy, Esq.

EXHIBIT "D"

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN

### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

## ATTORNEYS AT LAW

191 PEACHTREE STREET, N.E. · THIRTY-FOURTH FLOOR

### ATLANTA, GEORGIA 30303-1747

(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

ANNETTE A.IDALSKI
SHAREHOLDER
DIRECT DIAL NO.  404.658.5386
DIRECT FAX NO.  404-658-5387
E-MAIL:  annette.idalski@chamberlainlaw.com

HOUSTON
ATLANTA
PHILADELPHIA

June 20, 2011

***VIA ELECTRONIC and U.S. MAIL***

Leon Greenberg
Leon Greenberg Professional Corporation
633 South Fourth, Suite 4
Las Vegas, NV  89101

      Re:    *Michael Phelps  v. Cox Communications Las Vegas, Inc.*
               U.S.D.C., District of Nevada, Case No. 2:11-cv-00801-PMP-LRL

Dear Mr. Greenberg:

Your client cannot defeat that Cox's principal place of business is Atlanta.  If we are required to litigate this issue, then Cox will successfully do so.  However, litigation in this regard would be highly unlikely given that there are no material facts in dispute.

Turning to the amount in controversy issue, your June 15th letter fails to respond to any of our questions.  Again, assuming that Mr. Phelps remains the sole Plaintiff and there are no other class members, do you agree that you will not seek in excess of $75,000, including back wages and the total amount of attorneys' fees associated with this litigation?  If you agree, please send me your proposed stipulation, and, as I told you previously in my June 15th correspondence, I will review it with my client.

Sincerely,

Annette A. Idalski

AAI:lm

cc:    Christian Gabroy, Esq.

EXHIBIT "E"

**LEON GREENBERG**
Professional Corporation
Attorneys at Law
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
(702) 383-6085

Leon Greenberg
Member Nevada, California
New York, Pennsylvania and New Jersey Bars

Dana Sniegocki
Member Nevada and California Bars

Fax: (702) 385-1827

June 20, 2011

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
34th Floor
Atlanta, GA   30303
Attention:  Annette A. Idalski

VIA FIRST CLASS MAIL AND EMAIL

> Re: Phelps v. Cox Communications Las Vegas, Inc.
> Improper Removal of this Case to United
> States District Court

Dear Ms. Idalski:

I am in receipt of your letter of today and thank you for the same.

I cannot fathom why you continue to insist that I have not clearly stated my position in response to your inquiries.

Below is the relevant excerpt of my letter of June 15, 2011:

> My proposal is quite simple.  Plaintiff in this case
> will stipulate that his *individual claim*, for all
> purposes, is not in excess of $75,000.  That sum would
> include any attorney's fees he would be awarded *if this
> case proceeds to judgment on an individual basis.*  In
> the event the plaintiff is successful in securing class
> action certification under NRCP Rule 23, and prevails
> on such class claims, no such limitation would apply in
> respect to *attorney's fees* claims.  Mr. Phelps, as an
> individual, would still be limited to a maximum

recovery of $75,000 if he succeeded in securing class
certification.

In response to the foregoing you pose the below question:

Again, assuming that Mr. Phelps remains the sole Plaintiff
and there are no other class members, do you agree that you
will not seek in excess of $75,000, including back wages and
the total amount of attorneys' fees associated with this
litigation?

It is unclear to me whether you are making a semantic or
substantive distinction or simply do not understand what I have
clearly stated.  Your question addresses the scenario whereby
"Mr. Phelps remains the sole Plaintiff and there are no other
class members."  Does that question involve something **OTHER** than
a denial of class certification and Mr. Phelps remaining the
"sole plaintiff" in this litigation?  If no, your question was
answered in my June 15, 2011 letter (which gave an unequivocal
"yes" answer to your question).

Again, I am proposing the only way any damages (including
attorney's fees) would be awarded in this case against your
client for an amount in excess of $75,000 would be if this case
is certified as a class action under NRCP Rule 23.  Absent such
certification, the $75,000 limit would apply.  This is precisely
and clearly what I advised you of in my June 15, 2011 letter[1] and
the same would be stated in any stipulation.

Once again, please advise if my proposal is agreeable.  If
you do not understand my proposal please call me to discuss this
as I cannot make this any clearer or more precise.

Thank you.

I remain,

Very truly yours,

Leon Greenberg

cc: Christian Gabroy, Esq.

---

[1] Which also stated: "In no event would your client face
liability upon remand for any sum in excess of $75,000 *unless*
this case results in a recovery for a class of persons and not
just Mr. Phelps individually."

EXHIBIT "F"

**Subject:** RE: Phelps v. Cox and Izumi v. Cox
**From:** "Idalski, Annette A." <Annette.Idalski@CHAMBERLAINLAW.COM>
**Date:** Tue, 21 Jun 2011 19:27:27 -0400
**To:** <leongreenberg@overtimelaw.com>
**CC:** <christian@gabroy.com>, "Harris, Erin" <Erin.Harris@CHAMBERLAINLAW.COM>

Mr. Greenberg:

    I do not think it is productive at this point to get into lengthy letter discussions on the amount in controversy issue.  In any event, I cannot agree to anything until I review your proposed stipulation with my client.  Please send it to me.



**Annette A. Idalski**
Shareholder
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303-1747

Direct:          404.658.5386
Facsimile:    404.659.1852
Mobile:         770.329.1165
Email:           annette.idalski@chamberlainlaw.com
Assistant:    Lurlene Milner - 404.658.5442

**NOTE:**  This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.

---

**From:** leongreenberg@overtimelaw.com [mailto:leongreenberg@overtimelaw.com]
**Sent:** Monday, June 20, 2011 4:22 PM
**To:** Idalski, Annette A.
**Cc:** christian@gabroy.com
**Subject:** Phelps v. Cox and Izumi v. Cox

Counselor,

Please find attached correspondence from Leon Greenberg.

Sincerely,

Sydney Saucier
Legal Assistant to
Leon Greenberg

EXHIBIT "G"

**Subject:** Re: Phelps v. Cox and Izumi v. Cox
**From:** leon greenberg <wagelaw@hotmail.com>
**Date:** Tue, 21 Jun 2011 17:15:13 -0700
**To:** "Idalski, Annette A." <Annette.Idalski@CHAMBERLAINLAW.COM>
**CC:** christian@gabroy.com, "Harris, Erin" <Erin.Harris@CHAMBERLAINLAW.COM>

As per your request, I forward a draft stipulation which will need proper formatting for filing with the Court.  Please advise promptly if it is acceptable (or make changes and return the same). Thank you.

On 6/21/2011 4:27 PM, Idalski, Annette A. wrote:

> Mr. Greenberg:
>
>      I do not think it is productive at this point to get into lengthy letter discussions on the amount in controversy issue.  In any event, I cannot agree to anything until I review your proposed stipulation with my client.  Please send it to me.
>
> 
>
> **Annette A. Idalski**
> Shareholder
> 191 Peachtree Street, N.E.
> Thirty-Fourth Floor
> Atlanta, Georgia 30303-1747
>
> Direct:        404.658.5386
> Facsimile:   404.659.1852
> Mobile:      770.329.1165
> Email:        annette.idalski@chamberlainlaw.com
> Assistant:   Lurlene Milner - 404.658.5442
>
> **NOTE**: This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.
>
> _____
>
> **From:** leongreenberg@overtimelaw.com [mailto:leongreenberg@overtimelaw.com]
> **Sent:** Monday, June 20, 2011 4:22 PM
> **To:** Idalski, Annette A.
> **Cc:** christian@gabroy.com
> **Subject:** Phelps v. Cox and Izumi v. Cox
>
> Counselor,
>
> Please find attached correspondence from Leon Greenberg.

Sincerely,

Sydney Saucier
Legal Assistant to
Leon Greenberg

```
--
Leon Greenberg
Attorney at Law
633 South Fourth Street #4
Las Vegas, Nevada 89101
(702) 383-6085
Member Nevada, California, New York,
New Jersey and Pennsylvania Bars
Website: overtimelaw.com
```

| stipulationremand.doc | Content-Type: | application/msword |
|---|---|---|
| | Content-Encoding: | base64 |

Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
Attorney for Plaintiff
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
(702)383-6085
Fax: (702)385-1827
Nevada Bar Number 8094

CHRISTIAN GABROY, ESQ.  NSB#: 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson Nevada 89012
(702) 259-7777
(702) 259-7704 (fax)

Attorneys for Plaintiffs


                    CAPTION TO BE CORRECTED

----------------------------------------X
BRIAN IZUMI, individually and
on behalf of others similarly situated,

                        Plaintiffs,

            -against-


COX COMMUNICATIONS LAS VEGAS, INC.,


                        Defendant.
----------------------------------------X

     The parties to this action, through their respective

counsel, hereby stipulate and agree that:

     Whereas, defendant has removed this case to this Court

pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. §

1332(a), claiming that plaintiff and defendant are citizens of

different States and that the amount in controversy is in excess of $75,000, exclusive of costs and interest;

Whereas plaintiff has agreed that in no event will he, individually, seek an award of more than $75,000 from the defendant, exclusive of costs and interest, such $75,000 award to also include all attorneys fees, but the plaintiff does not limit any amount of damages or attorneys fees that may be awarded to a class of plaintiffs in the event this case is certified as a class action pursuant to N.R.C.P. Rule 23;

Whereas, in recognition of the plaintiff's stipulation in the immediately preceeding paragraph that he will limit his potential recovery of individual damages, the parties agree that the amount in controversay in this case is not in excess of $75,000 for the purposes of 28 U.S.C. § 1332(a) and this Court lacks any basis to exercise jurisdiction over this matter at this time;

Based upon all of the foregoing, it is hereby stipulated and agreed that this matter shall be remanded to the Eighth Judicial District Court of the State of Nevada.

Submitted this   day of June, 2011


by: The parties, signatures

# EXHIBIT "H"

Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
Attorney for Plaintiff
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
(702)383-6085
Fax: (702)385-1827
Nevada Bar Number 8094

CHRISTIAN GABROY, ESQ.  NSB#: 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson Nevada 89012
(702) 259-7777
(702) 259-7704 (fax)

Attorneys for Plaintiffs


                    CAPTION TO BE CORRECTED

---------------------------------------X
BRIAN IZUMI, individually and
on behalf of others similarly situated,

                         Plaintiffs,

             -against-


COX COMMUNICATIONS LAS VEGAS, INC.,


                         Defendant.
---------------------------------------X

     The parties to this action, through their respective

counsel, hereby stipulate and agree that:

     Whereas, defendant has removed this case to this Court

pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. §

1332(a), claiming that plaintiff and defendant are citizens of

different States and that the amount in controversy is in excess

of $75,000, exclusive of costs and interest;

Whereas plaintiff has agreed that in no event will he~~,~~ ~~individually,~~ seek an award of more than $75,000 from the defendant, exclusive of costs and interest, such $75,000 award to ~~also~~ also include all attorneys fees, including attorneys' fees common or related to the potential class members ~~or~~and/or class members pursuant to N.R.C.P. Rule 23~~but the plaintiff does not limit any amount of damages or attorneys fees that may be awarded to a class of plaintiffs in the event this case is certified as a class action pursuant to N.R.C.P. Rule 23~~;

Whereas, in recognition of the plaintiff's stipulation in the immediately preceeding paragraph ~~that he will limit his potential recovery of individual damages~~, the parties agree that the amount in controvers~~a~~y in this case is not in excess of $75,000 for the purposes of 28 U.S.C. § 1332(a)~~and this Court lacks any basis to exercise jurisdiction over this matter at this time~~;

Based upon all of the foregoing, it is hereby stipulated and agreed that this matter shall be remanded to the Eighth Judicial District Court of the State of Nevada.

Submitted this   day of June, 2011

by: The parties, signatures

EXHIBIT "I"

**Subject:** Phelps and Izumi
**From:** "Idalski, Annette A." <Annette.Idalski@CHAMBERLAINLAW.COM>
**Date:** Tue, 28 Jun 2011 15:38:06 -0400
**To:** "leon greenberg" <wagelaw@hotmail.com>
**CC:** <christian@gabroy.com>, "Harris, Erin" <Erin.Harris@CHAMBERLAINLAW.COM>

Mr. Greenberg:

   I have attached Cox's revisions to your draft stipulation which are consistent with Cox's position as set forth in our recent correspondence.



**Annette A. Idalski**
Shareholder
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303-1747

Direct:        404.658.5386
Facsimile:   404.659.1852
Mobile:       770.329.1165
Email:         annette.idalski@chamberlainlaw.com
Assistant:   Lurlene Milner - 404.658.5442

**NOTE:** This email is intended for the use and benefit of the addressed recipient(s) only. If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited. If you have received this communication in error, please contact me by reply email and destroy all copies of the original message. IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.

| | Content-Description: Cox.Phelps.Draft.Stip_v1.DOC |
|---|---|
| **Cox.Phelps.Draft.Stip_v1.DOC** | **Content-Type:**          application/msword |
| | **Content-Encoding:**   base64 |