LEON GREENBERG, Esq. NSB#: 8094
DANA SNIEGOCKI, Esq. NSB#: 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard - Suite E-4
Las Vegas, Nevada 89146
Tel: (702)383-6085
Fax: (702)385-1827

CHRISTIAN GABROY, ESQ. NSB#: 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

---

| | |
|---|---|
| MICHAEL PHELPS, individually and on behalf of others similarly situated,<br><br>           Plaintiffs,<br><br>  -against-<br><br>COX COMMUNICATIONS LAS VEGAS, INC.,<br><br>           Defendant. | Case No. 2:11-cv-00801-PMP-LRL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER THIS COURT'S ORDER OF DECEMBER 22, 2011** |

---

    Plaintiff, through his attorney, hereby submits this response to defendant's motion for reconsideration of this Court's Order of December 22, 2011, to the extent such Order awarded plaintiff costs and attorneys fees on his successful motion to remand this case to State Court pursuant to 28 U.S.C. § 1447(c).

1

**OVERVIEW**

Defendant's 27 page motion is wholly without merit and is the continuation of its abusive conduct that improperly removed this case to this Court and then argued, misleadingly and dishonestly, against its remand. Defendant presents no basis for reconsideration of the Court's prior Order, much less the requisite new or additional facts or overlooked law that would militate in favor of a modification of the Court's prior Order. The Court should summarily deny such motion, which is based upon the following factually and legally incorrect assertions:

- <u>Defendants Removed This Case to Forum Shop</u> - Defendant asserts it removed this case to "expedite" this litigation "by placing it before the only Court that had actually ruled on the sole claim in this lawsuit." Nothing of the sort is true. Defendant, having litigated the issue of law presented in this case in another case before this Court, and secured a ruling it found favorable, sought to maneuver this litigation into this Court. Such removal was forum shopping, not an attempt to expedite litigation.

- <u>Defendant Had No Objectively Reasonable Basis To Conclude Plaintiff's Individual Damages Met the Amount in Controversy Requirements</u>

  Defendant asserts it had no basis to conclude the individual plaintiff's damages were in the range of no more than $6,000 to $9,000 at the time of removal. That assertion is based upon defendant's willful decision to ignore that the plaintiff was, individually, making a claim for only 13 weeks of unpaid overtime wages for which defendant was allegedly liable. Defendant had fully

      available to itself information upon which to assess the true value of such claim but purposefully choose not to do so. Instead it grossly inflated the amount of plaintiff's claim in its filings with the Court.

- <u>Defendant Willfully Misrepresented the Law</u> - Defendant now insists it did not misrepresent to the Court the relevant holdings of *Gibson v. Chrysler Corp.,* 261 F.3d 927, 942-43 (9th Cir. 2001) and other authorities regarding the impact of class action attorney's fee awards on the amount in controversy analysis. The record of these proceedings, and the findings of District Judge Hunt in *Izumi v. Cox Communications, Inc.,* Case No. 2:11-cv-00803-RLH-CWH, issued on November 21, 2011, irrefutably establish that such misrepresentation was made. Defendant did not, as it claims, seek to clarify the law as presented by plaintiff or fall victim to "Phelps's trickery" in his reply. Rather, defendant willfully misrepresented *Gibson* as presenting a basis for the inclusion of class attorney's fees, in their entirety, for amount in controversy purposes, something *Gibson* actually rejects.

**ARGUMENT**

**I. DEFENDANT HAD NO OBJECTIVELY REASONABLE BASIS FOR REMOVAL**

    **A. Defendant Removed This Case in an Attempt to Secure a Judicial Forum it Viewed as Favorable, Such Removal was not Based Upon any Desire to Expedite this Litigation**

Defendant asserts it was motivated to remove this case based upon its belief "that this Court had the unique ability to expeditiously rule upon the dispositive issue of applicability of

3

1 N.R.S. § 608.150." Such alleged "unique ability" that defendant
2 believes the Court possesses apparently flows from its prior ruling
3 on the application of N.R.S. § 608.150 in the *Valdez v. Cox*
4 litigation.

5     Defendant makes no effort to explain why this Court has a
6 "unique ability" to "expeditiously" resolve this case. Such
7 contentions are expedient creations of defendant's counsel's
8 imagination. This Court's holding in *Valdez*, to the extent it
9 provides guidance to the disposition of this case, is available for
10 consideration by the State Court. The State Court is equally wise
11 and well suited to disposing of the parties' controversy and may
12 well choose, or not choose, to follow this Court's ruling in *Valdez*.
13 It is the latter possibility that concerns defendant and was the
14 sole motivation for its removal of this case. It is difficult to
15 imagine a more brazen and bare faced example of forum shopping than
16 the defendant's removal of this case to secure what it perceived as
17 a friendly judicial forum.

18     Streamlining the disposition of the parties' controversy had
19 absolutely nothing to do with defendant's decision to seek removal.
20 Indeed, in the event of an appeal, which would seem a certainty
21 given the lack of controlling precedent on the application of N.R.S.
22 § 608.150 to the sort of circumstances at issue, a final disposition
23 would be more efficiently, and properly, secured through the State
24 Courts. The parties' controversy, involving an interpretation of a
25 state statute, if appealed from this Court, would very likely result
26 in a referral from the Ninth Circuit Court of Appeals to the Nevada
27 Supreme Court. Such a circuitous and unnecessary time consuming
28 process could be wholly avoided by letting the state district court

4

rule on the parties' dispute with a direct, and final, appeal to the Nevada Supreme Court.

### B. Defendant Made No Good Faith Effort to Advise the Court Of the Actual Amount in Controversy at the time of Removal And Affirmatively Misrepresented and Misconstrued the Relevant Facts and Operative Law in an Attempt to Establish Removal Jurisdiction

Through its citation to three unpublished district court decisions, defendant argues that removal is always objectively reasonable "if the complaint is silent or unclear as to the amount in controversy." No such rule exists nor do any of the authorities cited by defendant actually make such a holding. The actual rule applicable in cases such as this, where the amount of damages is not expressly set forth in the plaintiff's complaint, is recited in *Laughlin v. Kmart Corp.* 50 F.3d, 871, 873 (10th Cir. 1995) *cert denied* 516 U.S. 863 (1995), quoting and citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970) and *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992):

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds $ 50,000 [now $75,000]. Moreover, there is a presumption against removal jurisdiction.

Defendant ignores that in light of the presumption against removal it must prove by preponderance of evidence that the amount in controversy exceeds $ 75,000. *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-701 (9th Cir. 2007). In light of the foregoing legal standards, it is submitted determining whether defendant had an "objectively reasonable" basis for removal requires an examination of the facts relied upon, and available to, the

5

defendant at the time of the removal.[1]

An examination of defendant's notice of removal establishes defendant willfully ignored, and misrepresented, the relevant facts in an attempt to establish removal jurisdiction. In discussing how the amount in controversy requirements are met in its notice of removal, defendant made the following clearly intentional and misleading statements:

> The Complaint makes no specific statements of the amount in controversy. The evidence demonstrates that it is more likely than not that the amount in controversy exceeds $75,000 because Plaintiff seeks to recover all alleged unpaid wages purportedly earned while installing communications service equipment as an employee of MC Communications, Inc. pursuant to N.R.S. § 608.150, as well as attorneys' fees. (Complaint ¶¶ 22-23.) N.R.S. § 608.150 permits recovery for "all indebtedness for labor incurred". This alleged "indebtedness" would necessarily include Plaintiff's wages. *See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1129 (9th Cir. 2009) (*quoting Tobler & Oliver Constr. Co. v Bd. of Trs. of Health & Ins. Fund for Carpenter's Local Union No.* 971, 84 Nev. 438, 442 P.2d 904, 907 (1968). Plaintiff's Complaint seeks recovery of all unpaid wages covering a two year period prior to the commencement of this lawsuit. (Complaint ¶¶ 3, 23, 25.) When he last performed services on behalf of MC Communications, Inc., Plaintiff earned a wage of $7.55 per hour, as well as overtime. [Dkt. #1, Ex. C thereto.] This would result in a typical wage of $817.99 per week, and $23,721.71 over the course of his employment with MC Communications, Inc. [*Id.* at Ex. C ¶ 4.]
>
> In addition to the above amounts, Plaintiff also asserts that he is entitled to reasonable attorney fees and costs if successful. (*See* Complaint ¶ 25.) Requests for attorney's fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Because Plaintiff's

---

[1] The Court should be mindful that plaintiffs are not proposing the "objectively reasonable" standard requires defendant to meet its burden of proof to sustain removal. Such is clearly not the law. Rather, what plaintiffs are proposing is that the information available to defendant at the time of removal should be reviewed to determine if it provided an "objectively reasonable" basis for defendant to believe, even erroneously, that removal was proper.

1 claims are unlikely going to be immediately resolved and could
exceed his damages, Plaintiff's attorneys' fees claim alone
2 could exceed the $75,000 threshold. *See, e.g.*, *Simmons v. PCR
Technology*, 209 F. Supp 2d 1029, 1033 (N.D. Cal. 2002). For
3 example, in two similar single-plaintiff class and/or
collective actions concerning claims for alleged unpaid wages
4 filed by Plaintiff's lead counsel, Leon Greenberg, Mr.
Greenberg and his co-counsel obtained court-approved fees of
5 $270,000.00 and $923,761.00, respectively. *See* October 24, 2008
Order granting Motion for Approval of Class Action Settlement
6 in *Williams v. Trendwest Resorts, Inc.,* Civil Action No. 2:05-
cv-00605-RCJ-LRL (D. Nev. Oct. 24, 2008) (order approving
7 settlement) (Complaint, Ex. D thereto); August 25, 2008 Order
in *Westerfield v. Fairfield Resorts,* Civil Action No. 2:05-cv-
8 01264-JCM-PAL (D. Nev. Aug. 25, 2008) (order approving
settlement) [Dkt. #1, Ex. E thereto]. In the *Williams* case, in
9 particular Mr. Greenberg alone was awarded $54,446.95. While
these cases involved the FLSA and not, N.R.S. § 608.150,
10 specifically, Defendant Cox submits that those cases and the
instant case are analogous since they both necessarily entail
11 similar, complex litigation procedures and legal services to
obtain specific unpaid wages on behalf of Plaintiff. Indeed,
12 Mr. Greenberg asserted in 2008 that an attorney with his
similar years of experience handling class action litigation
13 would "typically command an hourly rate of **$450.00 an hour or
more.**" [*Id.* at 23]. *See* Motion for Approval of Class Action
14 Settlement in *Westerfield* at 23; Motion for Approval of Class
Action Settlement in *Williams* at 22. Presumably, his hourly
15 rate would be even higher in the instant suit three (3) years
later. Accordingly, because Plaintiff's claims are unlikely
16 going to be immediately resolved and could exceed his damages,
Plaintiff's attorneys' fees claim alone will likely exceed the
17 $75,000 threshold.

18 The foregoing statements are intentionally misleading in

19 respect to the amount of in controversy in the following respects:

20     (A) The statement references the plaintiff's complaint's

21     allegation that collection of all unpaid wages owed **to the**

22     **class** for a two year period is sought.  Defendant

23     willfully failed to mention that the time period for which

24     the individual plaintiff could seek such wages was limited

25     to no more than 13 weeks by operation of the applicable

26     statute of limitations.  Such fact was clearly known to

27     defendant, which had access to the records of the

28     plaintiff's direct employer, its subcontractor MC

Communications, from which subcontractor it secured and presented a declaration;

(B) Defendant explains, based upon the declaration it secured from MC Communications, that the plaintiff earned a "typical wage" of $817.99 per week, and "would have earned wages of $23,721.71 over the course of his employment with MC Communications, Inc." Such statements by defendant are intentionally calculated to mislead (and falsely represent plaintiff's unpaid wage damages are $23,721.72) by failing to take notice of facts clearly known to defendant. Specifically, defendant knew that (1) The plaintiff was only seeking, individually, overtime wages owed for a 13 week period, not the entirety of his employment with MC Communications and (2) That plaintiff was only seeking payment of unpaid overtime wages and not an amount equal to all wages, be it $23,721.72 or another amount, that he earned from such employment. Defendant also makes no effort whatsoever to estimate or explain the actual amount of unpaid overtime wages allegedly owed to the plaintiff.

(C) Defendant states that plaintiff is making a claim for attorney's fees that are an element of his recovery properly considered for amount in controversy purposes. That statement by defendant is untrue as such consideration is only proper when an express statutory claim made by the party confers a right to attorney's

8

|   |   |
|---|---|
| 1 | fees.  Plaintiff makes no such express statutory claim as |
| 2 | the statute under which he sues, N.R.S. § 608.150, and |
| 3 | upon which he pleads his sole claim for relief, does not |
| 4 | provide for any award of attorney's fees. |
| 5 |   |
| 6 | (D)   Defendant, through its citation to other cases where |
| 7 | plaintiff's counsel has **been awarded fees in class action** |
| 8 | **cases**, states that the amount of attorney's fees at issue |
| 9 | in this case establish the jurisdictional amount for |
| 10 | removal purposes.  It does so despite knowing that such |
| 11 | class action fee awards are not properly attributed to the |
| 12 | individual plaintiff's damages for the purposes of |
| 13 | establishing the amount in controversy. |

Defendant's claim it "was not aware" that plaintiff was seeking damages in the range of $6,000 to $9,000 at the time of removal is incredulous.  It is also made in bad faith, if only because it is asserted in counsel's brief without any declaration from any person about what steps, if any, were taken by defendant prior to removal to estimate the plaintiff's damages.  Defendant was clearly aware, from its contacts with MC Communications, that a total of 13 weeks of unpaid overtime wages were potentially at issue.  Based upon the information either in its possession or accessible to it through MC Communications, specifically the records of the work performed by the plaintiff, the hours of work recorded for the plaintiff, the amounts recorded as actually paid to the plaintiff, and so forth, it could have apprized itself of the maximum amount of plaintiff's damages.  At best, it willfully failed to do so.  More likely, based

9

1  upon its misrepresentations in its notice of removal, it had
2  actually conducted such an analysis and after realizing the amount
3  in controversy could not be met decided to misrepresent, and ignore,
4  the true facts in respect to plaintiff's damages in its notice of
5  removal.
6      In its post removal filings with the Court defendant did
7  nothing to clarify or correct the inaccurate and intentionally
8  misleading representations it made in its notice of removal.
9  Indeed, it compounded those misrepresentations by continuing to
10 insist, contrary to law, that the entirety of an award of attorney's
11 fees in a class action case is properly considered for amount in
12 controversy purposes.
13     **C.   Defendant Irrelevantly Discusses the *Valdez* Litigation**
14    Defendant devotes about one-half of its motion to discussing the
15 proceedings in the *Valdez* case and posturing that those proceedings
16 somehow establish it acted in an objectively reasonable manner in
17 removing this case.  Among the more bizarre assertions are that
18 because *Valdez* had made a settlement demand of $300,000 defendant
19 was justified in assuming the amount in controversy requirements
20 were met in this case.  As already discussed, defendant willfully
21 misrepresented the amount of damages at issue in this case and
22 clearly knew, or with little effort could have ascertained, the true
23 potential scope of the individual plaintiff's 13 weeks of unpaid
24 overtime damages.
25     To the extent there is any relevance to the *Valdez* litigation
26 the Court considered the same in its Order and found it provided no
27 basis to deny remand or attorney's fees to plaintiff.  *See,* Docket
28 #35, p. 7.  Defendants present no sound reasons for the Court to re-

10

examine such holdings.

### D. Defendant's Misrepresentations of Law Are Clearly Set Forth in the Record

Defendant now claims its statements about *Gibson v. Chrysler Corp.,* 261 F.3d 927, 942-43 (9th Cir. 2001) and other authorities were somehow twisted and misrepresented by plaintiff. According to defendant, all it did in citing *Gibson* was make clear that while class attorney's fee awards could not, in their entirety, be considered for amount in controversy requirements they could still be "apportioned" among the class members for that purpose. Although that may be a correct statement of the law, ***nowhere in defendant's prior submissions to the Court did it mention it was merely arguing for "apportionment" of such a class wide award of attorney's fees.*** Indeed, the entire purpose of defendant's citation to *Gibson*, as found in both this case and by Judge Hunt in the *Izumi* case, was to intentionally misrepresent the ability of defendant to include a class award of attorney's fees, in its entirety, for amount in controversy purposes.

The conclusion defendant intentionally misrepresented *Gibson* is inescapable. The defendant failed to ever mention what the "fee apportionment" it is now claiming it was arguing for through its citation to *Gibson* might actually yield for amount in controversy purposes. It is apparent defendant made no effort to "apportion" such a class award of attorney's fees because the resulting amount in controversy figure would have been far less than the jurisdictionally required $75,000. Defendant now compounds its improper behavior by insisting, after the fact, and contrary to all of its prior submissions, that it had been properly arguing for such

11

a substantively irrelevant "apportionment" of class attorney fees that would not have assisted it in establishing a basis for removal.

**CONCLUSION**

Wherefore, defendant's motion for reconsideration should be denied.

Dated: Clark County, Nevada
       January 19, 2012

                              Yours, etc.,

                              */s/ Leon Greenberg*
                              _____
                              Leon Greenberg, Esq.
                              LEON GREENBERG PROFESSIONAL CORPORATION
                              Attorney for the Plaintiff
                              2965 S. Jones Blvd- Suite 4
                              Las Vegas, Nevada 89146
                              (703) 383-6085
                              Nevada Bar Number: 8094

12